**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2760
_____

EDWARD COLEMAN,
                              Appellant

v.

WARDEN FAIRTON FCI*

*Pursuant to F.R.A.P. 43(c)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-17-cv-04647)
District Judge:  Honorable Robert B. Kugler

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 23, 2018
Before:  KRAUSE, SCIRICA and NYGAARD, Circuit Judges

(Opinion filed:  December 10, 2018)
_____

OPINION*
_____

PER CURIAM

        Edward Coleman, a federal prisoner currently confined at FCI-Fairton, appeals

from the District Court's order dismissing his petition for a writ of habeas corpus

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

under 28 U.S.C. § 2241.  We will affirm.

I.

On February 26, 2004, a grand jury in the Eastern District of Pennsylvania returned an indictment charging Coleman with two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Counts One and Four), and three counts of possession of a controlled substance in violation of 21 U.S.C. § 844 (Counts Two, Three, and Five).  Coleman proceeded to a jury trial on Counts Two, Three, and Five only.  The jury found him guilty on all three counts.  Coleman subsequently pleaded guilty to Counts One and Four.

At sentencing, the District Court found that Coleman had five prior convictions: four for possession with intent to deliver in violation of 35 Pa. Cons. Stat. § 780–113(a)(30), and one for aggravated assault in violation of 18 Pa. Cons. Stat. § 2702(a).  In light of these priors, the District Court determined that Coleman was subject to a mandatory minimum sentence of at least fifteen years under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).[1]  As a result, the District Court applied § 4B1.4 of the United States Sentencing Guidelines and calculated a recommended range for Coleman's firearm-possession offenses of 235–293 months.  The District Court sentenced him to 240 months for the firearm convictions (Counts One and Four), and 36 months for the drug convictions (Counts Two, Three, and Five), to run concurrently.

---

[1] A defendant convicted under § 922(g) is subject to a fifteen-year minimum sentence under the ACCA if he "has three previous convictions . . . for a violent felony or a serious drug offense, or both."  18 U.S.C. § 924(e).

2

This Court affirmed the judgment of conviction and sentence.  United States v. Coleman, 451 F.3d 154, 161 (3d Cir. 2006).

In November 2007, Coleman filed a motion pursuant to 28 U.S.C. § 2255 raising several ineffective-assistance-of-counsel claims.  The District Court denied relief on the merits and this Court denied a certificate of appealability.  United States v. Coleman, C.A. No. 09-1250 (order entered Oct. 14, 2009).  Coleman filed a second § 2255 motion in 2014, but the District Court dismissed it on the ground that it was an unauthorized second or successive motion under § 2255(h).

In June 2017, Coleman filed the petition at issue in this appeal, a petition under 28 U.S.C. § 2241.[2]  Coleman claimed that, in light of the Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016), his drug convictions under Pa. Cons. Stat. § 780-113(a)(30) cannot serve as predicates for his sentencing enhancement under the ACCA.  The District Court screened the petition pursuant to 28 U.S.C. § 2243 and concluded that Coleman could not raise his purported Mathis claim by way of § 2241. The District Court thus summarily dismissed the petition.

Coleman appeals.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's legal conclusions and review its factual findings

---

[2] Coleman properly filed his § 2241 petition in the United States District Court for the District of New Jersey because he is presently incarcerated within that district.  See Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004).

for clear error.  See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).[3]

III.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences."  Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  As we have explained, "under the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court."  Cradle, 290 F.3d at 538 (quoting § 2255(e)).  This narrow exception applies in only rare circumstances, such as when "an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review."  See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 179 (3d Cir. 2017); see also In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

Coleman contends that this narrow exception applies here; according to Coleman, the Supreme Court set forth a new rule of statutory interpretation in Mathis that invalidates his sentence enhancement under the ACCA.  In Mathis, the Supreme Court emphasized that, for purposes of applying the categorical and modified categorical approaches, a statute is divisible only when it sets forth different elements delineating separate crimes, not when it sets forth different means of committing a single crime.

---

[3] A certificate of appealability is not required to appeal from the denial of a § 2241 petition.  Bruce v. Warden Lewisburg USP, 868 F.3d 170, 177 (3d Cir. 2017).

4

136 S. Ct. at 2253. Coleman argues that if the categorical approach is properly applied as set forth in Mathis, his prior drug offenses do not qualify as ACCA predicates. He argues that his statute of conviction, § 780-113(a)(30), sweeps more broadly than the ACCA's definition of a "serious drug offense" to the extent that it criminalizes a mere offer to sell drugs.[4]

We need not decide whether Mathis applies retroactively to cases on collateral review or whether a meritorious Mathis claim satisfies the Dorsainvil standard because Coleman's argument is meritless. Nothing the Supreme Court stated in Mathis would alter the manner in which the District Court applied the categorical approach in Coleman's case, and we have already rejected the argument that § 780-113(a)(30) does not criminalize an offer to sell. United States v. Glass, -- F.3d ---, No. 16-2906, 2018 WL 4443889 (3d Cir. Aug. 22, 2018).[5] Therefore, Coleman has not shown that there has been

_____

[4] Section 780-113(a)(30) outlaws "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance." The ACCA defines "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

[5] The defendant in Glass was sentenced under the career-offender enhancement in the Guidelines, not the ACCA. 904 F.3d at 322. Thus, the question in that case was whether § 780-113(a)(30), because of its "delivery" element, is broader than the Guidelines' definition of a "controlled substance offense." Id. at 323. We held that it is not. Id. at 324.

an intervening change in law that negates his sentencing enhancement under the ACCA, and § 2241 relief is not available.[6] <u>See</u> <u>In re Dorsainvil</u>, 119 F.3d at 251.

IV.

Accordingly, we will affirm the District Court's judgment.

---

[6] Coleman also argues that, since <u>Mathis</u>, his conviction for assault under 18 Pa. Cons. Stat. Ann. § 2702(a)(1) no longer qualifies as a "violent felony" under the ACCA. We decline to address this issue, however, because Coleman's four prior drug convictions support his sentencing enhancement. <u>See</u> 18 U.S.C. § 924(e) (subjecting a defendant convicted under § 922(g) to a fifteen-year minimum under the ACCA if he "has three previous convictions . . . for a violent felony or a serious drug offense, or both").